## BRANDER et al. v. COBB et al.

Where a wife, separated in property, by whom a note had been executed jointly with another person, after maturity of the note executes a second note, payable at a future period, for the amount of the original note with interest, and delivers it to the payee to be signed by her co-obligor, taking an obligation from the payee to deliver the first note on the execution of the second by her co-obligor, and her husband, acting as her agent, afterwards gives a receipt to the payee for the first note, reciting therein that the second note had been made in renewal thereof, it is sufficient evidence of his authorising the wife to bind herself by the note. In an action on a note payable at the place of business. of the holder, demand at the place of payment need not be alleged or proved, to authorise a recovery against the maker.

APPEAL from the District Court of Madison, Selby, J.  This is an action on a promissory note for $1,188, signed by Sarah M. C. Cobb and A. J. Lowry, payable on 1st December, 1845, to the order of Davenport, agent, at the office of the plaintiffs, and endorsed by the payee to the plaintiffs. The note was dated 29 May, 1845.  The petition alleges that the maker of the note had refused to pay, though amicably requested.  The defendants pleaded a general denial; S. M. C. Cobb further denying any responsibility on her part, as the note was executed without any authorisation by her husband.  The plaintiffs offered the note sued on in evidence.  They proved that Davenport was their agent, and that the endorsement was in his writing.  A copy of the judgment of separation of property obtained by the defendant S. M. C. Cobb, agains

her husband, was also offered in evidence. Plaintiffs also offered in evidence the <span style="float:right">BRANDER<br>*v.*<br>COBB.</span> following receipt, signed by the husband of S. *M. C. Cobb :* " Received of *W. V.Davenport*, agent, Mrs. *S.M.C.Cobb* and *A. J. Lowry's* joint note for $1,100, dated May 19,1844, due on the 1st day of December, 1844, for which they have executed their joint note, dated 29th May, 1845, due 1st Dec., 1845, for $1,188, and which I have received *W. V. Davenport's* obligation to deliver the first note on the last note being signed by *A. J. Lowry*, as it was a joint debt, and which receipt or obligation has been lost or mislaid, and which bore date the 29th May, 1845.                           O. B. COBB, Agent."

To the introduction of the note sued on in evidence, defendants' counsel excepted, on the grounds : 1st. That the petition contained no averment of a demand at the place of payment specified in said note. 2d. Because the plaintiffs did not prove a demand of payment at the place specified in said note. Both of which objections the court overruled, and gave a judgment in favor of the plaintiffs for the amount of their demand; from which *Mrs. Cobb*, and her husband, appealed.

*Garland*, for the plaintiffs. The assent of the husband is conclusively shown by his receipt. His concurrence in the act subsequently to the execution of the note, made it as obligatory on her, as if it had been obtained at the time of executing it. The Civil Code, art. 1779, declares " that the incapacity of the wife is removed by the authorisation of the husband," without any limitation as to the time when the authorisation may be given. In France, the consent of the husband, or, in his absence, that of the court, may be given before, or after the execution of the unauthorised contract, and any act in writing, from which that assent to acts done clearly results, satisfies the requisites of the statute." The authorisation must be special for all acts to be done, but it may embrace all acts already done, because they are always certain and specific. 13 La. 183.

As to the exceptions : Where the law, under the circumstances of the case, does not require a presentment of the note for payment at the place indicated, an allegation in the petition to that effect is unnecessary and immaterial. The first ground of exception is involved in the second. As to the second ground : A note made payable at plaintiff's domicil need not be formally presented for payment. The note sued on is payable at the office of the plaintiffs in New Orleans.

In the case of *Allain, &c.* v. *Lazarus*, 14 La. 327, the defendant was the maker of several promissory notes to the plaintiffs, which were drawn payable to the order of the plaintiffs, at their counting house in New Orleans, on which suit was brought by them. The defendant, on the trial, excepted to the notes being received in evidence, because no evidence was offered that they had been presented at the place indicated, and no protest was made of the notes.

But the court said : " The maker of the note contracted the obligation to repair to the counting house of the payees, and to make payment ; they must be presumed always ready and willing to receive ; and when it is shown that the payees are still in possession, the burden ought to devolve on the obligor to show a readiness and offer to pay, or funds placed in the hands of the payee for that purpose, if he wishes to exonerate himself." *Wallace* v. *McConnel*, 13 Peter's Rep. 136. In the case of *Maurin* v. *Perot*. 16 La. 276, this doctrine is fully confirmed, that a note payable at the plaintiff's domicil need not be formally presented for payment. The principle is clearly announced ; but the court further adds, " especially if the defendant had no funds there."

*Pepper*, on the same side.

*Snyder* and *Shannon*, for the appellants. To enable a married woman to make a valid contract, it is necessary that she should have the authorization of her husband or of the judge. Civil Code, arts. 124, 2410, 2411. The authorization is a condition precedent. Neither the husband, nor the judge can, by any act posterior to the contract, render it valid. The instrument of writing which plaintiffs have tortured into a ratification of *Mrs. Cobb's* obligation upon the note, is simply a receipt in which the note is enumerated in general terms; and neither the plaintiffs, nor *Mrs.Cobb's* husband, could ever have dreamed that the instrument referred to was intended as a ratification of *Mrs. Cobb's* act, or they would

BRANDER    never have left the matter in so ambiguous a position. The judgment of the
  v.       court below is erroneous in not giving a non-suit against the plaintiffs for failing
COBB.      to prove a demand at the place of payment.

The judgment of the court was pronounced by

ROST, J. This suit is brought upon a joint and several promissory note of the defendants. *S. M. C. Cobb* resists the payment, on the ground that she executed the note, without authority from her husband. It is in evidence that she is separated in property from him, and his authorisation clearly results from the receipt given by him to the plaintiffs' agent.

There is no error in the judgment rendered by the court of the first instance, in favor of the plaintiffs.                                   *Judgment affirmed.*